UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| NORBERT VINCENT PINZON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DEPARTMENT OF CORRECTIONS ) <br> ACTING WARDEN, ) <br> ) <br> Defendants. ) <br> ) | 16-CV-2088 |

## MERIT REVIEW OPINION

Sue E. Myerscough, U.S. District Judge.

This cause is before the Court for merit review of the pro se Plaintiff's complaint pursuant to 28 U.S.C. § 1915A.  In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2103).  However, conclusory statements and labels are insufficient.  Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

## ALLEGATIONS

The pro se Plaintiff, a state prisoner, claims his constitutional rights were violated at Danville Correctional Center. Plaintiff's complaint does not include a list of Defendants, but he has identified the "Illinois Department of Corrections (IDOC) Acting Warden" and the "Trust Fund Supervisor" in the caption of his complaint.[1] Plaintiff says when he entered IDOC, he was told he would receive $10.00 a month in state pay. However, Plaintiff says his last five "prisoner accounting forms have been short." (Comp., p. 1). For instance, Plaintiff says he received only $5.78 in pay on March 19, 2016. (Comp., p. 1.) The Plaintiff claims the Defendants' actions violate his Fourteenth and Eighth Amendment rights.

## ANALYSIS

The Plaintiff has failed to articulate a violation of his constitutional rights based on the allegations in his complaint. "Plaintiff has no right based on federal law to even have a job" while incarcerated "much less a right to be paid what he perceives to be a fair wage." *Young v. Monahan*, 2007 WL 2700011 at *1 (C.D.Ill. June 19, 2007); *see also Beatty v. DeBruyn*, 1996 WL 80168, at *1 (7th Cir. Feb. 21,1996)("Case law makes clear that prisoners have no right to a prison job, and no constitutional right to wages for

work performed while incarcerated.") *Beatty v. DeBruyn,* 1996 WL 80168, at *1 (7th Cir. Feb. 21,1996); *Vanskike v. Peters,* 974 F.2d 806, 809 (7th Cir.1992) ("there is no Constitutional right to compensation for [prison] work").  Therefore, the Court must dismiss Plaintiff's complaint.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. This case is therefore closed. The Clerk of the Court is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.

2) This dismissal shall count as one of the Plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g).  The Clerk is directed to record Plaintiff's strike in the three-strikes log.

3) If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a).  A motion for leave to appeal in forma pauperis MUST set forth the issues Plaintiff plans to present on appeal.  See Fed. R. App. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

ENTERED: May 26, 2016

FOR THE COURT:                               s/ Sue E. Myerscough
                                            _____
                                                SUE E. MYERSCOUGH
                                            UNITED STATES DISTRICT JUDGE